LOWNDES et al. v. UNITED STATES.

(Circuit Court, D. South Carolina. January 4, 1901.)

EMINENT DOMAIN—TAKING OF PROPERTY FOR PUBLIC USE—DESTRUCTION OF EASEMENT.

Owners of land lying on a stream, who, with their ancestors, have used the waters of such stream for nearly 100 years for flowing the land in the growing of rice, have acquired an easement therein which constitutes property, within the meaning of the fifth amendment to the constitution, and they are entitled to maintain an action against the United States to recover just compensation for the taking of property for public use upon an allegation that the federal authorities, in the exercise of their lawful power to improve navigation, have diverted the waters of the stream, and thereby destroyed such easement, and the value of the land to which it was appurtenant.

On Demurrer to Petition.

A. D. Cohen and Legare & Holman, for petitioners.
Abial Lathrop, U. S. Atty.

SIMONTON, Circuit Judge. This is a petition addressed to this court exercising the jurisdiction of the court of claims. It seeks

compensation for property of the petitioners, taken by the government for public purposes. The fifth amendment to the constitution provides: "Nor shall private property be taken for public use without just compensation." When such property is so taken without previous contract, an implied contract arises that just compensation will be given therefor. On this implied contract this petition proceeds. An answer has been filed to the petition. The petition having been read to the court, at the call of the cause for trial the government, under the Code Practice of South Carolina, interposes the demurrer that the petition and complaint do not state facts sufficient to constitute a cause of action. This demurrer is what was known in Code pleading as an oral demurrer. It can be made notwithstanding that an answer has been filed. It is now required to be in writing. This is not a general demurrer to the merits. It is addressed to the sufficiency of the complaint. It will not avail to dismiss the complaint, unless it shall appear that the complaint cannot be amended so as to state a cause of action. The present question is, does this petition or complaint state facts sufficient to constitute a cause of action? The gravamen of the petition is the destruction of two rice plantations of the petitioners situate on Mosquito creek and Santee river, in South Carolina. The petition states the location of said plantations and their boundary on Mosquito creek, and their use as rice plantations by petitioners and their ancestors for nearly 100 years, dependent for flowage and drainage on Mosquito creek; that the government of the United States, in the lawful exercise of its authority, made a short cut from Santee river to Winyah Bay by means of a cut or canal; that this cut receives the waters of Mosquito creek from the Santee river, and conducts them by said canal to a tributary of Mosquito creek, destroying the natural ebb and flow of Mosquito creek, and the use of its waters for the said plantations. Here is the allegation that the petitioners and their ancestors for nearly 100 years have enjoyed an easement in the waters of Mosquito creek (Lyon v. Fishmongers' Co., L. R. 1 App. Cas. 663), and that by the action of the government, for public purposes, and as the direct result of such action this easement has been impaired,—it may be destroyed (Lewis, Em. Dom. §§ 83, 84). If this be so then it may be that the property of the petitioners has been taken from them for public purposes. The language of the constitution is, "Nor shall private property be taken for public purposes without just compensation." An easement may be the subject of property as well as land (U. S. v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846; Great Falls Mfg. Co. v. Attorney General, 124 U. S. 597, 8 Sup. Ct. 631, 31 L. Ed. 527); and perhaps this may be a physical invasion of a hereditament of private owners and a practical ouster of their possession (U. S. v. Alexander, 148 U. S. 191, 13 Sup. Ct. 529, 37 L. Ed. 415; Lewis, Em. Dom. § 84). For the purposes of this demurrer, this is enough to sustain the petition. It sets forth a cause of action. Whether it can be sustained when the answer is considered and the testimony taken, is another question going to the merits. The demurrer is **overruled.**